# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
     PELVIC REPAIR SYSTEM PRODUCTS
     LIABILITY LITIGATION              MDL No. 2326

-------------------------------------------------------------

**THIS DOCUMENT RELATES TO THE FOLLOWING CASE:**

Katrina Hinnewinkel, Civil Action No. 2:17-cv-04127

## <u>ORDER</u>

Pending before the court is Defendant C. R. Bard, Inc.'s ("Bard") Motion for Protective Order Quashing Plaintiff's Notice of Deposition of Ronald Bracken. (ECF No. 55). Bard argues that Plaintiff should be precluded from deposing Mr. Bracken, a former employee of Bard, for three overarching reasons. First, Mr. Bracken was already deposed regarding Bard's products, including the Alyte product used by Plaintiff, and Plaintiff has failed to demonstrate "exigent circumstances" justifying a second deposition of the same witness. Second, Bard is producing a corporate designee under Fed. R. Civ. P. 30(b)(6) to testify regarding the same subject matter about which Plaintiff intends to question Mr. Bracken. Finally, Mr. Bracken's deposition would be cumulative and duplicative of information already supplied in the Bard and Boston Scientific multidistrict litigations ("MDL"), and the deposition would be burdensome, because Mr. Bracken left the employ of Bard six years ago.

In response, Plaintiff contends that Mr. Bracken has never been deposed in the *Boston Scientific* MDL; rather, he was deposed in 2014 in the Bard MDL. Therefore, Plaintiff argues, the deposition is not a "second" deposition of the same witness and does not require a showing of exigent circumstances by Plaintiff. Plaintiff adds that, in any case, recent events justify the deposition of Mr. Bracken. Specifically, Plaintiff points to a 2018 document production by Bard concerning the Alyte product and recent communications by the Federal Drug Administration relating to transvaginal mesh. Lastly, Plaintiff asserts that Mr. Bracken's deposition is not cumulative or duplicative as the Alyte product was not the subject of focused discovery at the time of Mr. Bracken's previous deposition. Accordingly, Plaintiff did not have an opportunity to ask in-depth questions about Alyte. Plaintiff claims that Mr. Bracken is an important witness, because at the time Alyte was developed, marketed, and initially sold by Bard, Mr. Bracken was Bard's Vice President of Research and Development.

Bard filed a reply memorandum advising the Court that Plaintiff's response is untimely and should be disregarded on that basis alone. Bard also reiterates that Plaintiff should not be permitted to take the deposition, because Plaintiff will have the opportunity to ask Bard's corporate designee all of the same questions she intends to ask Mr. Bracken.

Having considered the arguments, the Court **GRANTS** the motion, in part, and **DENIES** the motion, in part. The record supports Plaintiff's contention that the Alyte product was not the focus of Mr. Bracken's prior deposition. Consequently, the deposition proposed by Plaintiff would not constitute a second deposition of the same witness on the same subject matter. Moreover, Bard's production of Alyte-specific documents years after Mr. Bracken's 2014 deposition provides justification for additional testimony.

Under Rules 26(b)(2)(C) and 26(c), "the court has broad authority to limit

discovery and prescribe alternative discovery mechanisms," *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 124 (D. Md. 2009); in other words, to determine "when a protective order is appropriate and what degree of protection is required." *Furlow v. United States,* 55 F.Supp.2d 360, 366 (D. Md.1999) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). Nevertheless, protective orders "should be sparingly used and cautiously granted." *Baron Fin. Corp. v. Natanzon,* 240 F.R.D. 200, 202 (D. Md. 2006) (quoting *Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C. 1987)). A court's customary reluctance to constrain discovery is heightened in the case of a motion seeking to prevent the taking of a deposition. *Minter,* 258 F.R.D. at 125 (citing *Static Control Components, Inc. v. Darkprint Imaging,* 201 F.R.D. 431, 434 (M.D.N.C. 2001))("By requesting the Court to prohibit plaintiff from deposing a witness, defendant … assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances."). The reason for this is fundamental. Usually, the subject matter of a deposition is not well-defined in advance; thus, the need for prospective relief is more difficult to establish than in other methods of discovery. In addition, "a motion can be made if any need for protection emerges during the course of the examination;" therefore, a ruling prior to commencement of the deposition is not necessary to achieve a fair resolution. 8 Wright & Miller, *Federal Practice and Procedure,* § 2037 (3d Ed.). Consequently, the burden to show good cause for an order prohibiting the taking of a deposition is especially heavy. *Medlin,* 113 F.R.D. at 653; *Motsinger v. Flynt,* 119 F.R.D. 373, 378 (M.D.N.C. 1988) ("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."). For these reasons, the motion for protective order is denied to the extent it seeks preclusion of Mr. Bracken's deposition.

At the same time, a witness should not be subjected to multiple depositions covering the same subject matter; effectively, giving one party numerous "bites at the apple" to the detriment of the party offering the witness. Furthermore, one party should not be permitted to take depositions of multiple witnesses covering the very same subject matter; particularly, in a case where a corporate designee intends to present the corporation's position on documents, factual information, and other events that are not unique to a specific witness, or are not the subject of eyewitness testimony. Accordingly, to the extent Bard seeks limitations on the scope of the deposition, the motion is granted.

Thus, the court **ORDERS** as follows: Plaintiff shall be permitted to depose Mr. Bracken regarding the Alyte product. However, Mr. Bracken's deposition shall take place after the deposition of Bard's corporate designee. Mr. Bracken's testimony shall be limited to his personal knowledge; it shall not be a rehash of the questions posed to the corporate designee. In addition, Mr. Bracken shall not be asked questions that he already answered at his prior deposition. The parties shall meet and confer on a convenient place, date, and time for the deposition and shall comply with the relevant pretrial orders in place in this MDL.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** July 15, 2019

Cheryl A. Eifert
United States Magistrate Judge